**IN THE UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:08-CV-179-DCK**

| | |
|---|---|
| DOMINION SQUARE-CULPEPPER, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KB TOYS RETAIL, INC., ) <br> ) <br> Defendant. ) <br> _____ ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Transfer Venue" (Document No. 9) filed on May 22, 2008 and "Plaintiff's Response In Opposition To Defendant's Motion To Transfer Venue" (Document No. 13) filed on June 9, 2008. Defendant has not filed a reply, and the time to do so has lapsed. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is now ripe for disposition.

After careful consideration of the papers, the record, and the applicable authority, the undersigned will <u>deny</u> the motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Dominion Square- Culpepper, LLC, ("Plaintiff") filed its "Complaint" (Document No. 1) in Mecklenburg County Superior Court on April 21, 2008, alleging that KB Toys Retail, Inc. ("Defendant") breached a lease agreement with the Plaintiff and is therefore liable for remaining rent and additional fees for failure to pay that rent. (Document No. 1-2). Defendant filed a "Notice of Removal" (Document No. 1) on April 21, 2008 and an "Answer And Counterclaim" (Document No. 7) on May 19, 2008. Then, on May 22, 2008, Defendant filed a "Motion To Transfer Venue"

(Document No. 9), pursuant to 28 U.S.C. 1404(a), seeking to have the case moved to the Eastern District of Virginia.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. 1404(a) "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought."

This Court has held that a "Defendant carries the heavy burden of not only showing that the case could have originally been brought in the transferee forum, but also in showing that a balancing test analyzing the convenience of the parties and witnesses, as well as the interest of justice, clearly favors transferring the case." Accretive Commerce, Inc. v. Kenco Group, Inc., No. 3:07-CR-285-W, 2008 WL 413856 at *4 (W.D.N.C. February 13, 2008.) "Generally, a plaintiff's choice of forum should be accorded great weight, and should not be lightly disturbed; however, where the interests of justice weigh heavily in favor of transfer to another district, the court should transfer the case." Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F.Supp. 93, 95 (W.D.N.C.1990).

This Court has also determined that "[u]ltimately, the question of transfer under section 1404(a) is committed to the sound discretion of this Court." Accretive Commerce, Inc. v. Kenco Group, Inc., 2008 WL 413856 at *5 (W.D.N.C. 2008).

In determining whether to transfer venue the Court must consider a series of eleven factors:

> (1) the plaintiff's choice of forum; (2) the residence of the parties; (3) access to evidence; (4) the availability of compulsory process for witnesses and the costs of transporting and obtaining those witnesses; (5) the possibility of a view by the jury; (6) the enforceability of a judgment; (7) the relative advantages and obstacles to a fair trial; (8) practical issues affecting trial expediency and efficiency; (9) the relative court congestion between the districts; (10) the interest in

> resolving localized controversies at home and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of conflict of laws.

Crockett, 751 F.Supp.2d at 96, see also, Nutrition & Fitness, Inc., v. Blue Stuff, Inc., 264 F.Supp.2d 357, 362 (W.D.N.C. 2003).

### III. DISCUSSION

Defendant contends that a transfer of venue to the Eastern District of Virginia would prove more convenient for the parties and witnesses and would best serve the interests of justice. (Document No. 10 at 10). Defendant alleges that the case could have been brought in the Eastern District of Virginia because the parties are diverse, and the amount in controversy exceeds $75,000. (Document No. 10 at 3). Defendant primarily argues that the case should be transferred to Virginia because the actual property that was leased and is the underlying subject of this dispute is in the Eastern District of Virginia, as well as several potential witnesses. (Document No. 10 at 7). Defendant also contends that little weight should be given to the Plaintiff's choice of forum when the cause of action has very little to no relation to that choice of forum: "[w]hile a plaintiff's choice of forum is ordinarily accorded considerable weight, the 'plaintiff's choice is given little weight when none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy.'" (Document No. 10 at 6), quoting Mims v Proctor and Gamble Distributing Co., 257 F.Supp. 648,657 (D.S.C. 1996).

Finally, Defendant asserts that because the choice of laws provision contained in the contract itself stipulates that the laws of Virginia shall govern, the application of Virginia law by a court sitting in Virginia is warranted. (Document No. 10 at 10).

3

Plaintiff responds that Defendant has not met its burden to justify a transfer. (Document No. 13). To begin, Plaintiff asserts that its choice of forum should be given greater deference, and Plaintiff offers case law from this District for support: "[u]nless the balance is tipped strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed." (Document No 13 at 4), quoting Accretive Commerce, Inc. v. Kenco Group, Inc. No. 3:07-CV-285-W, 2008 WL 413856 at *4 (W.D.N.C. February 13, 2008).

Plaintiff argues that its "principal place of business, its documents, and its witnesses are in this District, all of which weighs against transfer." (Document No. 13 at 5). Plaintiff also submits that Defendant has overstated the convenience of Virginia for the witnesses. Id. Plaintiff argues that Defendant's witnesses and documents are primarily located in Massachusetts (and possibly Connecticut and New York), but not Virginia, and therefore Defendants are no more disadvantaged by traveling to North Carolina than Virginia. (Document No. 13 at 8). Additionally, Plaintiff states the mere existence of an empty store lot located in Virginia is not sufficient to warrant transfer of this case out of the Plaintiff's choice of forum. Plaintiff surmises "[q]uantitatively and qualitatively the factors weigh in favor of retention of the case by the court, and the balance is certainly not 'tipped strongly' in favor of transfer." (Document No. 13 at 10). The undersigned agrees.

The Supreme Court has opined that § 1404(a), "is intended to place discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Organization, Inc. V. Ricoh Corp., 487 U.S. 22, 23 (1988). This Court has further elaborated that "[i]f a transfer would merely shift the inconvenience from the Defendant to the Plaintiffs, or if the equities lean but slightly in favor of the Defendant after all factors are considered, the Court should not disturb the Plaintiff's choice of forum." Bates v. J.C. Penny Co.,

Inc., 624 F.Supp. 226, 227(W.D.N.C. 1985).

Weighing the necessary factors cited above, the undersigned finds that Plaintiff's choice of forum should not be disturbed. See Nutrition & Fitness, Inc., v. Blue Stuff, Inc., 264 F.Supp.2d at 362. Boiled down, a review of those eleven factors tilts in favor of Plaintiff.

First, consideration of factors one through four favor Plaintiff. Plaintiff chose this forum and it appears uncontested that although Plaintiff's company was formed in Virginia, the principal place of business and the key players are residents of this District. Furthermore, Defendant's principal place of business is Massachusetts, not Virginia, and Defendant purportedly has locations across the country – including seven stores in North Carolina, two of which are in this District. (Document No. 13 at 7). Plaintiff also presents a convincing argument that a majority of the witnesses who are likely to be called are in North Carolina. In addition, Plaintiff's evidence is here, while most of Defendant's evidence and relevant witnesses are in Massachusetts, New York, or Connecticut. Clearly, it is more convenient to Plaintiff to remain in this forum, and it appears that Defendant would be equally inconvenienced by either North Carolina or Virginia.

Next, the undersigned agrees that the possibility of a view of the premises in question is not likely to be relevant in what is essentially a breach of contract matter. A judgment will be as enforceable here as anywhere, and therefore that consideration does not favor Virginia. Factors seven through nine address practical issues regarding efficiency and trial location; the undersigned finds these to be neutral, with neither district offering a significant advantage.

Factor ten raises the issue of resolving controversies "at home" in the state that is the home to the state law that will govern. Virginia law will apply in this case, but Plaintiff makes a persuasive argument that since the lease at issue was executed and performed in North Carolina, this District also

has an ongoing interest. Plaintiff repeatedly argues that the only real connection to the Eastern District of Virginia is the now empty space there that is the subject of the dispute. The undersigned views this factor as basically neutral.

Finally, the last factor concerns avoiding conflict of laws. The undersigned finds no reason for this to present a problem in this case and does not find a distinct advantage based on this factor to venue in Virginia.

Based on the foregoing, and largely adopting Plaintiff's arguments, the undersigned finds in his discretion that this matter should remain in the Western District of North Carolina. A case management plan based on the parties' proposed discovery schedule will issue as soon as possible.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the "Defendant's Motion To Transfer Venue" (Document No. 9) is **DENIED.**

Signed: July 24, 2008

David C. Keesler
United States Magistrate Judge